

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN



**GERALD C. MANN**
ATTORNEY GENERAL

March 16, 1939

Hon. A. P. Prestwood
County Auditor
Smith County
Tyler, Texas

Dear Sir:

Opinion No. O-459
Re: Constable permitted all reasonable
and necessary expenses.

This will acknowledge receipt of your letter of March 6, 1939, in which you request the opinion of this Department on the following questions:

"1. Whether the provision of said Section 11 of Chapter 465 of the Act of the Second called Session of the 44th Legislature apply to precinct officers.

"2. Whether the Commissioners Court is authorized to allow such expense under the terms of said Section of said Article.

"3. Whether a mandamus will lie to compel the allowance of such expense if the Commissioners Court should refuse to allow the same."

Section 2 of Senate Bill No. 5, Chapter 465 of the Acts of the Second Called Session of the 44th Legislature, now Section 2 of Article 3912e, Revised Civil Statutes of Texas 1925 provides that the Commissioners' Court of each county in Texas "...shall, by order made and entered in the minutes of said court determine whether precinct officers of such county....shall be compensated on a salary basis as provided....or shall receive fees of office...."

You state in your letter that the Commissioners' Court of your county passed and entered an order at its first regular meeting in January, 1939, to the effect that precinct officers of your county shall thereafter be compensated on the salary basis.

That portion of Section 11 of Senate Bill hereinabove referred to, which is now designated as Section (b) Article 3899, Revised Civil Statutes reads as follows:

"Each officer named in this Act, where he receives a salary as compensation for his services, shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premium on fire, burglary, theft, robbery insurance protecting public funds and including the cost of surety bonds for his Deputies, such expenses to be passed on, predetermined and allowed in kind and amounts, as nearly as possible, by the Commissioners' Court once each month for the ensuing month, upon the application by each officer, stating the kind, probably amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the County Auditor, if any, otherwise the County Treasurer, only as to whether funds are available for payment of such expenses......"

I call your attention to the first few words of the above quoted article which are:

"Each officer named in this Act...."

Since by the authority vested in the Commissioners' Court by the abovementioned Section 2 of Article 3912e the court has seen fit to place the precinct officers on a salary basis and for reason that Section (b) Article 3899 and Section 2 of Article 3912e are a part of the same Act, there can be no question but that precinct officers are included in such Section (b) Article 3899.

Hon. A. P. Prestwood, March 16, 1939, Page 3

Having determined that the precinct officers of your county in which group the constable of precinct No. 1 is included, are governed by the provisions of Section (b) Article 3899, it is noted that such officers are specifically "....empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office...."

Paragraph 2 of Section (b) of Article 3899 provides in part:

"....Such report, envoices and requisitions shall be subject to the audit of the county auditor if any, otherwise by the Commissioners' Court, and if it appears that any item was not incurred by such officer or that such item was not necessary or legal expense of such office or purchased upon proper requisition, such item shall be by such county auditor or court rejected in which case the payment of such item may be adjudicated in any court of competent jurisdiction. All such approved claims and accounts shall be paid from the Officer's Salary Fund unless otherwise provided herein."

It is, therefore, the opinion of this Department and you are so advised that the answer to each of the questions submitted is in the affirmative, assuming of course, in the case of the last question, that the statutory requisites contained in the whole of Section (b) Article 3899 have been fully complied with.

Trusting that this satisfactorily answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LAWAW

APPROVED:
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS